UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANA JAMAL, | ) |
|                Plaintiff, | ) |
| | ) |
| -against- | ) |
| | ) |
| POLICE OFFICER MICHAEL HARLAN, | ) |
| | ) |
| Individually, | ) |
| | ) |
| And as an Employee of the City of Middletown Police Department, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
|                Defendants. | ) |

**VERIFIED COMPLAINT**
**JURY TRIAL**
**DEMANDED**
**CIVIL ACTION No. :**
**26-CV-4779**

Plaintiff, by and through her attorney, Ryanne Konan, complaining of Defendant, respectfully states as follows:

## NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of false arrest, excessive use of force, malicious prosecution, battery, assault, and fabrication of evidence, when Police Officer Michael Harlan used excessive use of force to falsely arrest and maliciously prosecuted Plaintiff on September 29, 2024, without probable cause, thereby violating Plaintiff's constitutional rights under the United States Constitution and the State of New York Constitution.

1

## JURISDICTION AND VENUE

2. This action arises under the Fourth, and Fourteenth Amendments to the United States Constitution 42 U.S.C. § 1983 and USA common law.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

6. Ana Jamal is a resident of Highland, New York.

7. Defendant Michael Harlan was a police officer at the City of Middletown Police Department at the time of the incident and upon information and belief, a citizen of New York. Officer Michael Harlan had an office at 2 James Street, Middletown, NY 10940.

## FACTUAL ALLEGATIONS

8. On September 29, 2024, at approximately 11:00 p.m., Plaintiff was a passenger in her vehicle, driven by her son in the City of Middletown, New York. Plaintiff's son is on disability.

9. Police Officer Michael Harlan (Defendant hereinafter) , pulled the vehicle over on the ground that it failed to stop at the Stop sign.

10. Upon Approaching the vehicle on the driver side, Defendant noticed an odor of marijuana, and inquired about it. The driver replied that he did smoke marijuana earlier.

2

11. Defendant asked the driver to exit the vehicle. Defendant performed sobriety tests on the driver, and determined that the driver was impaired by marijuana.

12. Defendant put the driver under arrest, handcuffed him, and place him in the back of his patrol police vehicle.

13. Defendant asked Plaintiff to exit the vehicle, and started searching the vehicle. Plaintiff inquired as to reason for the search. Defendant replied that he was doing a search incident to arrest.

14. Defendant protested to the search and informed Defendant that he could not search the vehicle.

15. Defendant, visibly upset by the inquiries of Plaintiff, took Plaintiff to the ground with great force, thereby causing her to sustain serious physical injuries.

16. Plaintiff sustained injuries to her head, shoulder, hip, and knees.

17. Plaintiff was arrested and charged with Obstructing Governmental Administration in violation of New York Penal Law (NYPL) 195.05(01), A Misdemeanor;  Tampering with Physical in violation of NYPL 215.40, an E felony; and Attempt to Temper with Physical Evidence in violation of NYPL 110-215.26 (01), an A misdemeanor.

18. On  December 10, 2025, all charges were dismissed against Plaintiff.

## FOR THE FIRST CAUSE OF ACTION BASED ON MALICIOUS PROSECUTION
42 U.S.C. § 1983

19. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 1-18 of this Complaint with the same force and effect as if fully set forth herein.

20. By its acts and practices described above, Defendant  deprived  Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of  42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth Amendment of the United States Constitution, by, *inter alia* : malicious prosecution,  thereby causing Plaintiff  serious physical

3

and emotional harm, humiliation, deprivation of liberty, loss of opportunity of employment, career, and education opportunity, loss of wage, and legal expenses.

21. That Plaintiff was wrongfully and intentionally and maliciously prosecuted by the Defendant.

22. That  Defendant drafted the accusatory instruments himself, thereby falsely accusing and falsely arresting Plaintiff for Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law (NYPL) 195.05, A Misdemeanor,  Tampering with Physical in violation of NYPL 215.40, an E felony; and Attempt to Temper with Physical Evidence in violation of NYPL 110-215.26 (01), an A misdemeanor.

23. That the charges against Plaintiff were baseless, and the information was without probable cause.

24. That Plaintiff was arrested on September 29, 2024, arraigned before the City of Middletown Criminal Court  , based upon accusatory instrument drafted by  the Defendant.

25. That Plaintiff's prosecution was commenced on September 29, 2024.

26. That after the arraignment, Plaintiff was not authorized to leave the County of Orange while under the jurisdiction of the Court; and Plaintiff's freedom was restricted from September 29, 2024, to December 10, 2025.

27. That Defendants knew that Plaintiff did not obstruct the officers in doing their duties, nor did she tamper with physical evidence.

28. That the arrest was unlawful, and Plaintiff had committed no crime.

4

29. That the charges against Plaintiff were baseless, and without probable cause.

30. That the officer needed a warrant to search the vehicle because the driver was already arrested and secured in Defendant's police vehicle.

31. That a search incident to arrest is limited to the person arrested, and his immediate grabbable area.

32. That Plaintiff and her son did not constitute a danger to Defendant.

33. That Defendant was never put in fear for his life.

34. That the criminal proceeding against Plaintiff terminated in a manner that the proceeding cannot be brought again.

35. That the criminal proceeding terminated in favor of Plaintiff on December 10, 2026.

36. That the arrest of September 29, 2025 of Plaintiff was not based on probable cause.

37. That Defendant acted with malice because there was no probable cause of Plaintiff's arrest.

38. That Defendant commenced criminal prosecution against Plaintiff with malice and did not have probable cause to arrest Plaintiff.

39. That Plaintiff was arraigned on the charge of Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law (NYPL) 195.05(01), A Misdemeanor, Tampering with Physical in violation of NYPL 215.40, an E felony; and Attempt to Temper with Physical Evidence in violation of NYPL 110-215.26 (01), an A misdemeanor, on September 29, 2024.

40. That Defendants acted with malice and in bad faith.

41. That Defendants prosecuted Plaintiff without probable cause.

42. That the initiation and continuation of prosecution proceedings against Plaintiff were malicious.

43. That Defendant is not entitled to qualify immunity.

44. That Defendant deprived Plaintiff of the constitutional rights secured by the Fourth and 42 U.S.C. § 1983, and took numerous overt steps in furtherance of such deprivation by maliciously prosecuting Plaintiff without probable cause.

45. In taking the actions complained of in the foregoing paragraphs, Defendant acted under pretense and color of state law, in his individual and official capacity, and within the scope of his respective employment an employee of the State of New York.

46. Defendant's actions were without authority of law and were an abuse from Defendant, and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

47. Defendant acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and is liable of egregious and gross misconduct towards Plaintiff.

48. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff has suffered severe physical and reputational injuries, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe emotional harm.

6

49. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendant in the amount of One Million ($1,000,000.00) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE SECOND CAUSE OF ACTION BASED ON FALSE ARREST
42 .S.C. § 1983

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 19-49 of this Complaint with the same force and effect as if fully set forth herein.

51. By its acts and practices described above, Defendants, deprived Plaintiff of the rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, without limitation, rights guaranteed by the Fourth Amendment of the United States Constitution, by, *inter alia* : false arrest, thereby causing Plaintiff serious physical and emotional harm, humiliation, deprivation of liberty, and legal expenses, loss of wages, and employment opportunity.

52. That at all times herein aftermentioned, Defendant wrongfully and intentionally detained and falsely arrested Plaintiff in the City of Middletown, New York, and later when Plaintiff's presence was ordered for all subsequent court appearances.

53. That Defendant detained, arrested Plaintiff and placed Plaintiff under arrest in the County of Orange.

54. That Plaintiff was required to appear before the Court from September 29, 2024, until the matter was dismissed on December 10, 2025, when the charges were dismissed.

55. That Plaintiff's freedom was restricted from September 29, 2024, to December 10, 2025.

56. That Plaintiff did not commit any crime of Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law (NYPL) 195.05(01), A Misdemeanor, Tampering with Physical in violation of NYPL 215.40, an E felony; and Attempt to Temper with Physical Evidence in violation of NYPL 110-215.26 (01), an A Misdemeanor, and did not violate any law.

57. That Plaintiff was arrested without probable cause.

58. That Plaintiff was conscious of the confinement, and Plaintiff did not consent to the confinement, and the arrest. Plaintiff stated that she was innocent and should not be arrested.

59. That the Officer Defendant put Plaintiff into handcuffs.

60. That Defendant tackled Plaintiff to the ground, assaulted her, and put her into handcuffs.

61. That the Officer Defendant intended to arrest Plaintiff.

62. That Plaintiff did tell the officers that she did nothing wrong but just questioning the reasons why he was searching her vehicle.

63. That Plaintiff was conscious of the confinement, and informed Defendant that she was innocent.

8

64. That Plaintiff had not committed any crime.

65. That the confinement was not otherwise privilege.

66. That Plaintiff was arrested without a warrant.

67. That Defendant acted extra judicially.

68. That all criminal charges filed against Plaintiff were dismissed on December 10, 2025 .

69. That Plaintiff's arrest was unlawful because Defendant did not have a warrant to search the vehicle.

70. That Defendant is not entitled to qualify immunity.

71. The wrongful, unjustifiable, and unlawful apprehension, detention, imprisonment of Plaintiff was carried out without a warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion that Plaintiff had or was about to commit a crime.

72. That Plaintiff was arrested in violation of the rights guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution.

73. That the Officer Defendant deprived Plaintiff of the constitutional rights secured by the Fourth Amendment made actionable under 42 U.S.C. § 1983 and took numerous overt steps in furtherance of such deprivation of Plaintiff's rights without probable cause.

74. In taking the actions complained of in the foregoing paragraphs, the Officer Defendant acted under pretense and color of state law, in their individual and official capacity, and within the scope of his respective employment as Middletown Police Department Police Officer.

9

75. The Officer Defendant's actions were without authority of law and were an abuse of the Officer Defendant, and the Officer Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of her rights under the Fourth Amendments of the United States Constitution as made actionable by 42 U.S.C. § 1983.

76. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are liable of egregious and gross misconduct towards Plaintiff.

77. As a direct and proximate result of Defendant's malicious prosecution, Plaintiff has suffered serious and reputational injury, loss of wages, loss of job opportunity, loss of education opportunity, loss of career opportunity, attorney's fees, severe physical and emotional harm.

78. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damages alleged in this Complaint.

WHEREFORE, the Plaintiff seeks judgment against the officer Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE THIRD CAUSE OF ACTION
## FOURTH AMENDMENT-UNREASONABLE SEIZURE-EXCESSIVE FORCE

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 50-78 of this Complaint with the same force and effect as if fully set forth herein.

80. That Defendant used objectively unreasonable and excessive force in this detention and arrest of Plaintiff.

10

81. That the Officer Defendant used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

82. That Defendant tackled Plaintiff to the ground with force, assaulted Plaintiff, and slammed Plaintiff to the ground.

83. That Defendant twisted Plaintiff's arms, hit Plaintiff with great force.

84. That Defendant used unreasonable and excessive force on Plaintiff.

85. That Plaintiff sustained severe physical injuries to her head, shoulders, neck and back, tear in her knee, as a result of the unreasonable force used upon Plaintiff.

**WHEREFORE** , Plaintiff , seeks judgment against Defendants in the amount of Two Million ($2,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE FOURTH CAUSE OF ACTION
## COMMON LAW-ASSAULT AND BATTERY

86. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 79-85 of this Complaint with the same force and effect as if fully set forth herein.

87. By his words and acts, Defendant threatened to do bodily harm to Plaintiff.

88. That by using excessive and unreasonable force, Defendant caused harmful or offensive bodily act with Plaintiff.

11

89. That the aforesaid acts of the officer were taken within the scope of his employment.

90. That the unlawful acts of Defendant were direct, proximate cause of Plaintiff's injuries.

**WHEREFORE** , Plaintiff seeks judgment against Defendants in the amount of One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## FOR THE FIFTH CAUSE OF ACTION BASED ON FABRICATION OF EVIDENCE
Fabrication of Evidence
42 U.S.C. § 1983

91. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 86-88 of this Complaint with the same force and effect as if fully set forth herein.

92. That Defendants stated that Plaintiff of committing the crimes of Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law (NYPL) 195.05(01), A Misdemeanor, Resisting Arrest in the Second Degree in violation of NYPL 205.30 , A Misdemeanor, and Harassment in the Second Degree in violation of NYPL 240.26 (01), a violation.

93. That Defendant knew that Plaintiff did not commit any of crimes on September 29 , 2024.

94. That Defendant fabricated the crimes of Obstruction of Governmental Administration in the Second Degree in violation of New York Penal Law (NYPL) 195.05(01), A Misdemeanor; Tampering with Physical in violation of NYPL 215.40, an E felony; and Attempt to Temper with Physical Evidence in violation of NYPL 110-215.26 (01), an A misdemeanor, drafted the accusatory instrument, and forwarded them to the prosecutor and the Court.

12

95. That Plaintiff was arrested as result of, and was deprived of liberty.

96. That Plaintiff was prevented from leaving the County of Orange during the pendency of the charges.

97. That Defendant knew that Plaintiff did not commit those crimes but forwarded the accusatory to the prosecutor for Plaintiff to be prosecuted.

98. That the accusatory instruments were likely to influence a jury's verdict.

99. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm.

100.    By fabricated evidence, the Officer Defendant deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE** , Plaintiff  seeks judgment against the officers in the amount of  One Million ($1,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all triable issues.

Dated:  At Wappingers Falls, New York
         June 1, 2026

By: _____/s/ryannekonan_____

Ryanne Konan, Esq.
4 Marshall Road, Suite 248
Wappingers Falls, NY 12590
Tel: (845) 309-3432
Fax: (845) 231-0508
RK2889
konanlawoffice@gmail.com

13